# UNITED STATES DISTRICT COURT

__EASTERN__ District of __NEW YORK__

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| | Case Number: CR 12-264 (NGG) |
| JAMES BERNARDONE | USM Number: |
| | Lawrence DiGiansante, Esq. |
| | Defendant's Attorney |

**THE DEFENDANT:**

X   pleads guilty to   __COUNT ONE (1) (Acts 2 & 8) OF THE INDICTMENT .__

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 1962 (d) and 1963 | RACKETEERING CONSPIRACY | | 1 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ Any underlying Indictment is dismissed on the motion   of the United States.
X The defendant was not named in Counts 1 (Acts 3-7) & 6-16 of the Indictment.
X Count(s)   1(Act 1), 2-5,17 &18 of CR 12-264   ☐ is   X are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

August 5, 2014
Date of Imposition of Judgment

s/Nicholas G. Garaufis
Signature of Judge

NICHOLAS G. GARAUFIS, U.S.D.J.
Name and Title of Judge

August 7, 2014
Date

DEFENDANT: JAMES BERNARDONE
CASE NUMBER: CR 12-264 (NGG)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **TWENTY-SEVEN (27) MONTHS (CAG) ON COUNT ONE (1) OF THE INDICTMENT.**

☒ The court makes the following recommendations to the Bureau of Prisons:
THE COURT RECOMMENDS THAT, IF CONSISTENT WITH BUREAU OF PRISONS POLICY AND PRACTICE, THE DEFENDANT BE DESIGNATED AND ABLE TO ENTER THE RDAP 500-HOUR PROGRAM AT EITHER FCI DANBURY, CONNECTICUT OR FCI FORT DIX, NEW JERSEY.

☐ The defendant is remanded to the custody of the United States Marshal.

☒ The defendant shall surrender to the United States Marshal for this district:

☒ at  12:00  ☐ a.m.  ☒ p.m.  on  Thursday, October 16, 2014  .

☒ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: JAMES BERNARDONE
CASE NUMBER: CR 12-264 (NGG)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **THREE (3) YEARS ON COUNT ONE (1) OF THE INDICTMENT.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- [ ] The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

- [ ] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

- [ ] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

- [ ] The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable.)

- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment, or if such prior notification is not possible, then within forty-eight hours after such change;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# SPECIAL CONDITIONS OF SUPERVISION

1. THE DEFENDANT SHALL NOT POSSESS A FIREARM, AMMUNITION OR DESTRUCTIVE DEVICE;

2. THE DEFENDANT SHALL NOT ASSOCIATE IN PERSON, THROUGH MAIL, ELECTRONIC MAIL OR TELEPHONE WITH ANY INDIVIDUAL WITH AN AFFILIATION TO ANY ORGANIZED CRIME GROUPS, GANGS OR ANY OTHER CRIMINAL ENTERPRISE; NOR SHALL THE DEFENDANT FREQUENT ANY ESTABLISHMENT, OR OTHER LOCALE WHERE THESE GROUPS MAY MEET PURSUANT, BUT NOT LIMITED TO, A PROHIBITION LIST PROVIDED BY THE PROBATION DEPARTMENT;

3. THE DEFENDANT SHALL PARTICIPATE IN A MENTAL HEALTH TREATMENT PROGRAM WITH A TREATMENT PROVIDER SELECTED BY THE PROBATION DEPARTMENT. THE DEFENDANT SHALL CONTRIBUTE TO THE COST OF SUCH SERVICES RENDERED OR ANY PSYCHOTROPIC MEDICATIONS PRESCRIBED VIA CO-PAYMENT OR FULL PAYMENT IN AN AMOUNT TO BE DETERMINED BY THE PROBATION DEPARTMENT, BASED UPON THE DEFENDANT'S ABILITY TO PAY AND/OR THE AVAILABILITY OF THIRD PARTY PAYMENT;

4. THE DEFENDANT SHALL PARTICIPATE IN AN OUTPATIENT AND/OR INPATIENT DRUG TREATMENT OR DETOXIFICATION PROGRAM APPROVED BY THE PROBATION DEPARTMENT. THE DEFENDANT SHALL CONTRIBUTE TO THE COSTS OF SUCH TREATMENT/DETOXIFICATION NOT TO EXCEED AN AMOUNT DETERMINED REASONABLE BY THE PROBATION DEPARTMENT'S SLIDING SCALE FOR SUBSTANCE ABUSE TREATMENT SERVICES, AND SHALL COOPERATE IN SECURING ANY APPLICABLE THIRD-PARTY PAYMENT, SUCH AS INSURANCE OR MEDICAID. THE DEFENDANT SHALL DISCLOSE ALL FINANCIAL INFORMATION AND DOCUMENTS TO THE PROBATION DEPARTMENT TO ASSESS HIS ABILITY TO PAY. THE DEFENDANT SHALL NOT CONSUME ANY ALCOHOL OR OTHER INTOXICANTS DURING AND AFTER TREATMENT/DETOXIFICATION, UNLESS GRANTED A PRESCRIPTION BY A LICENSED PHYSICIAN AND PROOF OF SAME IS PROVIDED TO THE PROBATION DEPARTMENT. THE DEFENDANT SHALL SUBMIT TO TESTING DURING AND AFTER TREATMENT TO ENSURE ABSTINENCE FROM DRUGS AND ALCOHOL;

DEFENDANT: JAMES BERNARDONE
CASE NUMBER: CR 12-264 (NGG)

# SPECIAL CONDITIONS OF SUPERVISION

5. THE DEFENDANT SHALL ABSTAIN FROM THE CONSUMPTION OF PRESCRIPTION MEDICATION CLASSIFIED AS OPIATES, BENZODIAZEPINES, STIMULANTS, DEPRESSANTS, SEDATIVES OR HYPNOTICS UNLESS THE PRESCRIBING PHYSICIAN IS FULLY AWARE OF THE DEFENDANT'S SUBSTANCE ABUSE HISTORY. THE DEFENDANT SHALL IMMEDIATELY NOTIFY THE PROBATION OFFICER PRIOR TO FILING ANY OF THE ABOVE LISTED PRESCRIPTION MEDICATIONS AND PERMIT THE PROBATION OFFICER TO CONTACT ANY HEALTH CARE PROFESSIONAL WHO PRESCRIBES ANY MEDICATION TO THE DEFENDANT. THE DEFENDANT SHALL NOT PURCHASE ANY MEDICATION VIA THE INTERNET UNLESS SUCH MEDICATION IS PRESCRIBED BY A HEALTHCARE PROFESSIONAL WHO CONDUCTS AN EXAMINATION OF THE DEFENDANT IN PERSON.

DEFENDANT: JAMES BERNARDONE
CASE NUMBER: CR 12-264 (NGG)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ N/A | $ N/A |

**Note: The defendant has satisfied the Order of Forfeiture.**

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

**TOTALS** $ 0 , _____

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the ☐ fine ☐ restitution.

☐ the interest requirement for the ☐ fine ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JAMES BERNARDONE
CASE NUMBER: CR 12-264 (NGG)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A** ☒ special assessment of $ __100.00__ due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☐ Restitution Schedule:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.